# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAWLEY PUBLIC SAFETY EMPLOYEE ASSOCIATION, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BRAWLEY, *et al.*,<br><br>Defendants. | Case No. 19-cv-1891-BAS-LL<br><br>**ORDER:**<br>**(1) GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE; AND**<br>**(2) GRANTING MOTION TO DISMISS PARTY**<br><br>**[ECF Nos. 14, 15]** |

Plaintiffs Jeremy Schaffer et al.[1] bring this action against Defendant City of Brawley for violations of the Fair Labor Standards Act ("FLSA"). On January 27, 2020, the Parties filed a joint stipulation and request for approval of their settlement agreement and dismissal of this action with prejudice. ("Mot.," ECF No. 14.) The Court **GRANTS** the joint motion and **APPROVES** the settlement agreement.

## I. BACKGROUND

Plaintiffs and putative plaintiffs are or were employed by the City of Brawley

---

[1] Brawley Police Safety Employee Association ("BPSEA") is a named plaintiff, but the Parties provide that BPSEA is "not a party to the settlement agreement and "has agreed to dismiss itself from this matter." The Parties also move to dismiss BPSEA. (ECF No. 15.) The Court **GRANTS** the Motion.

– 1 –

and are or were members of the Brawley Public Safety Employee Association ("BPSEA"). (Mot. at 2.) They are non-exempt and entitled to overtime compensation under FLSA. (*Id.* at 3.) They are subject to the operative collective bargaining agreement entered into by BPSEA and the City (also known as the Memorandum of Understanding ("MOU")). (*Id.*) Plaintiffs claim they worked overtime, but, "as a result of the collective bargaining process, the City agreed to pay overtime pursuant to the MOU beyond what is required under the FLSA." (*Id.*) When Plaintiffs raised this dispute, the Parties engaged in "extensive discussions" regarding calculation of Plaintiffs' regular rate of pay and how the City had calculated the back FLSA overtime owed. (*Id.*; "Swanson Decl.," ECF No. 14-2, at ¶ 5.)

Plaintiffs filed the Complaint on October 1, 2019. Plaintiffs allege the City violated the FLSA by failing to pay compensation for hours worked in excess of the 40-hour threshold in a 7-day work week at the rate of 1.5 times the regular rate of pay. Plaintiffs sought back wages for the alleged violations going back three years, liquidated damages, and reasonable attorney's fees and costs under the FLSA. ("Compl.," ECF No. 1.) On November 22, 2019, the Parties agreed to a settlement. The settlement is as follows: Defendant will pay a total settlement sum of $327,912.03. Defendant will pay $277,912.03 of the total settlement sum to Plaintiffs and putative plaintiffs as the total amount of unpaid overtime owed and liquidated damages over the period of January 1, 2015 to the execution of the Settlement Agreement; Defendant will pay $50,000.00 of the total settlement sum in attorney's fees and costs. (Mot. at 4.) Plaintiffs agree to release Defendant from all overtime compensation claims against Defendant under the FLSA and MOU that may exist or have existed as of and including the effective date of the Settlement Agreement with prejudice. (*Id.*)

## II. LEGAL STANDARD

"The FLSA was enacted to protect covered workers from substandard wages

and oppressive working hours." *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1171 (S.D. Cal. 2016). Specifically, "[t]he FLSA establishes federal minimum wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). "[C]laims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court." *Selk*, 159 F. Supp. 3d at 1172.

"The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved." *Beidleman v. City of Modesto*, No. 1:16-cv-1100-DAD-SKO, 2017 WL 5257087, at *1 (E.D. Cal. Oct. 26, 2017). However, district courts in the Ninth Circuit generally apply the standard adopted by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *Id.*; *see also Roberts v. City of Chula Vista*, No. 16cv1955-MMA (DHB), 2017 WL 6541105, (S.D. Cal. Dec. 21, 2017); *Slezak v. City of Palo Alto*, No. 16-cv-3224-LHK, 2017 WL 2688224, at *1–2 (N.D. Cal. June 22, 2017); *Ambrosino v. Home Depot U.S.A., Inc.*, 2014 WL 1671489, at *1 (S.D. Cal. Apr. 28, 2014). Thus, in reviewing a FLSA settlement, courts must determine whether the settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1355. "A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'" *Selk*, 159 F. Supp. 3d at 1172 (citing *Ambrosino*, 2014 WL 1671489, at *1). A court will not approve a settlement of an action where there is no question that the FLSA entitles the plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *See id.*

Once a court determines that a bona fide dispute exists, "it must then determine whether the settlement is fair and reasonable." *Id.* Courts should consider the following factors in evaluating whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and

the amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel; and (6) the possibility of fraud or collusion. *Id.* at 1173. A "district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Id.*

Finally, the Court must evaluate whether the award of attorney's fees and costs is reasonable. *See Selk*, 159 F. Supp. 3d at 1180; *see also* 29 U.S.C. § 216(b) (noting that in a FLSA action, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"). "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Ambrosino*, 2014 WL 1671489, at *1 (citing *Lynn's Food Stores*, 679 F.2d at 1354).

### III. ANALYSIS

#### A. <u>A Bona Fide Dispute Exists</u>

As an initial matter, the Court finds that a bona fide dispute exists between the Parties over potential liability under the FLSA. In their joint motion, the Parties state that Plaintiffs believe "that the City did not include all forms of remuneration in its calculation of the Plaintiffs' regular rate of pay" but the City believes that "even if it failed to include all forms of remuneration in its calculation of the FLSA regular rate of pay, there was not necessarily an underpayment in the amount Plaintiffs claim is owed because of how Plaintiffs were actually compensated under their applicable MOU." (Mot. at 6.) The Parties also dispute whether the City acted in good faith. (*Id.*) Thus, in light of the competing views on issues central to the case, the Court finds that there is a bona fide dispute between the Parties.

#### B. <u>The Settlement Agreement is Fair and Reasonable</u>

Satisfied that a bona fide dispute exists, the Court next considers the relevant factors in determining whether the settlement agreement is fair and reasonable under

the FLSA.

### 1. Plaintiffs' Range of Possible Recovery

"A district court evaluates the plaintiff's range of potential recovery to ensure that the settlement amount agreed to bears some reasonable relationship to the true settlement value of the claims." *Selk*, 159 F. Supp. 3d at 1174. However, the settlement amount agreed to need not represent a certain percentage of the maximum possible recovery. *See id.*; *see also Nat'l Rural Telecomm's Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."). Ultimately, the Court must be satisfied that the amount agreed to is fair and reasonable under the circumstances presented. *See Selk*, 159 F. Supp. 3d at 1174.

Here, Plaintiffs seek three years of back pay and liquidated damages. (Mot. at 7; Compl. ¶¶ 14, 15.) Under the settlement, Defendant will pay a total of $277,912.03 to Plaintiffs and putative plaintiffs. (Swanson Decl. ¶ 8.) After reviewing payroll data and spreadsheets, the Parties believe that each individual eligible to recover under this agreement will receive close to his or her maximum recovery. (Mot at 7; Swanson Decl. ¶ 12.) The Court finds that the total settlement amount is relatively close to Plaintiffs' maximum recovery. As such, this factor favors approval of the settlement agreement.

### 2. Stage of Proceedings

"The Court assesses the stage of proceedings and the amount of discovery completed to ensure the parties have an adequate appreciation of the merits of the case before reaching a settlement." *Selk*, 159 F. Supp. 3d at 1177. As long as the parties have "sufficient information to make an informed decision about settlement," this factor will weigh in favor of approval. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Here, the Parties did not engage in formal discovery. However, they

exchanged information and analyzed Plaintiffs' time records and wage history. (Swanson Decl. ¶ 13.) There were also discussions between the Parties' counsel about how damages should be calculated. (*Id.*) Given the information exchanged between the Parties and the attorneys' research on Plaintiffs' claims, the Court finds that the Parties have "sufficient information" to reach an informed decision. *Linney*, 151 F.3d at 1239. Accordingly, this factor favors approval of the settlement agreement.

### 3. Litigation Risks

The Court also considers the seriousness of the litigation risks in determining whether the settlement agreement is fair and reasonable. *See Selk*, 159 F. Supp. 3d at 1175–76. Here, the Parties believe they face litigation risks if the settlement is not approved because they dispute the extent of recovery of liquidated damages and the method of calculating the regular rate of pay. (Swanson Decl. ¶ 14.) Thus, in light of the litigation risks posed in this case, the Court finds that "there is a significant risk that litigation might result in a lesser recover[y]" or "no recovery at all." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 255 (N.D. Cal. 2015). Accordingly, this factor weighs in favor of approval of the settlement agreement.

### 4. Scope of Release

"Courts review the scope of any release provision in a FLSA settlement to ensure that class members are not pressured into forfeiting claims, or waiving rights, unrelated to the litigation." *Selk*, 159 F. Supp. 3d at 1178. Generally, "a release provision that tracks plaintiffs' wage and hour claims without requiring the plaintiffs to waive unrelated claims tips in favor of approval." *Roberts*, 2017 WL 6541105, at *5. Here, the release provision contained in the settlement agreement tracks Plaintiffs' wage and hour claims. (ECF No. 14-1, at Exhibit C.) Plaintiffs agree to "fully, finally and completely release, waive and discharge the CITY, and its officers, agents, employees, successors and assigns from any further claims under the FLSA and the MOU for anything that has occurred up to and including the Effective Date

of this Agreement." (*Id.* at ¶ 7.)

In reviewing the scope of the release provision contained in the Parties' settlement agreement, the Court is satisfied that the release provision is limited in scope and "does not force class members to forfeit unrelated claims." *Selk*, 159 F. Supp. 3d at 1179. Accordingly, this factor weighs in favor of approval of the settlement agreement.

### 5. Experience of Counsel

"The opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases." *Larsen v. Trader Joe's Co.*, No. 11-cv-5188-WHO, 2014 WL 3404531, at *5 (N.D. Cal. Jul. 11, 2014). "Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009) (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).

Plaintiffs' counsel has seven years of experience in the field of labor and employment law. (Swanson Decl. ¶ 2.) She has been involved in numerous FLSA litigation matters. (*Id.*) Counsel for the City has fifteen years of experience in the field of labor and employment law. ("Yee Decl.," ECF No. 14-3, ¶ 2.) He has "developed an expertise" regarding the FLSA and provides FLSA advice and training to numerous California agencies. (*Id.*) Both attorneys opine that the settlement agreement is fair and reasonable. (Yee Decl. ¶ 9; Swanson Decl. ¶ 9.) Finally, "there is nothing in the record that calls into question the experience of counsel or raises doubt about counsel's judgment." *Selk*, 159 F. Supp. 3d at 1176. Thus, the Court finds that this factor weighs in favor of approval of the settlement agreement.

### 6. Possibility of Fraud of Collusion

Lastly, courts consider the possibility of fraud or collusion in evaluating whether the proposed settlement agreement is fair and reasonable. The Court finds no evidence that the Parties or their counsel colluded or pursed their own self-

interests in reaching the settlement agreement. The settlement agreement reflects a reasonable compromise of the disputed issues, damages, and expense of further litigation. (*See* Swanson Decl. ¶ 14.) Moreover, the Court finds no evidence of "subtle signs" of collusion, such as "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded." *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Accordingly, this factor favors approval of the settlement agreement.

### 7. Conclusion

In sum, having considered the relevant factors and the representations of the Parties, the Court concludes that the settlement agreement is a fair and reasonable resolution of a bona fide dispute over FLSA coverage.

### C. <u>Attorney's Fees and Costs</u>

"Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Selk*, 159 F. Supp. 3d at 1180 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). Where a settlement produces a common fund for the benefit of the plaintiffs, courts may employ the lodestar or percentage-of-recovery method to determine the reasonableness of the requested fee award. *See In re Bluetooth*, 654 F.3d at 942.

Plaintiffs' counsel provides no information as to her hourly rate or the hours she spent on this case, so it is impossible for the Court to evaluate the fees using the lodestar method, thus, the Court turns to the percentage-of-recovery method. Under the settlement, Defendant will pay $50,000 of the total settlement sum in attorney's fees and costs. (Swanson Decl. ¶ 8.) As the total settlement fund is $327,912.03, the attorney's fees and costs constitute approximately 15% of the total fund.

The Parties unhelpfully provide no information as to why the proposed attorney's fees are reasonable, beyond arguing: "Because the Parties stipulated to the

above fees and in an attempt to resolve the dispute expediently and with the Plaintiffs' best interest in mind, Plaintiffs' attorney's fees are reasonable." (Mot. at 10.) Experienced attorneys must know that simply because parties stipulate to a settlement, this in no way means that the attorney's fees given as a part of that settlement are per se reasonable.

"[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award." *In re Bluetooth*, 654 F.3d at 942; *see Selk*, 159 F. Supp. 3d at 1180 (approving fees constituting 24% of the total settlement fund); *Bellinghausen*, 306 F.R.D. at 256 (finding a wage and hour class settlement fair where the settlement fund represented between 9% and 27% of the total potential recovery); *Jones v. Agilysys, Inc.*, No. C 12-3516 SBA, 2014 WL 2090034, at *2 (N.D. Cal. 2014) (approving fees constituting 25% of the total settlement fund). Plaintiffs' sought fees is much lower than the typical "benchmark" and thus the Court finds the attorney's fees and costs award to be reasonable.

### IV. CONCLUSION

Based on the foregoing, the Court finds the settlement agreement is a fair and reasonable resolution of a bona fide dispute. As such, the Court **GRANTS** the Parties' joint motion for approval of settlement. The Court further **APPROVES** the payment of $50,000 to the law firm of Adams, Ferrone & Ferrone, APLC and **DISMISSES** this action in its entirety **with prejudice**. The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED.**

DATED: January 30, 2020

Hon. Cynthia Bashant
United States District Judge